**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**                                              September 7, 2010

**LETTER OPINION**

    Re:    <u>Onuchukwu v. Clinton, et al.</u>
             Civil Action No. 10-1490 (JLL)

Dear Counsel:

      Plaintiffs Laureen O. Onuchukwu and Chukwusom A. Onuchukwu, citizens of Nigeria, bring this lawsuit seeking to compel the United States Embassy in Nigeria to readjudicate Ms. Onuchukwu's immigrant visa application for the 2010 Immigrant Diversity Visa Lottery Program. Currently before the Court is a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction. The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard. Fed. R. Civ. P. 78. Because the Court finds that it is without jurisdiction, Defendant's motion is granted and Plaintiff's Complaint is dismissed with prejudice.

**BACKGROUND**

      The relevant facts are straightforward and undisputed. Plaintiffs, both citizens of Nigeria, are husband and wife. Ms. Onuchukwu was selected for a Diversity Visa by a computer-generated lottery drawing for the 2010 fiscal year. An interview was held on December 2, 2009 at which time a consular officer denied Ms. Onuchukwu's application, pursuant to INA § 212(a)(5)(A), on the basis that she did not possess the requisite academic qualification.[1] On July 29, 2010, a consular officer refused Mr. Onuchukwu's visa application, also pursuant to INA § 212(a)(5)(A), because he could not benefit derivatively from his wife's visa application, since her application had been denied.

      On March 23, 2010, Plaintiffs filed a Complaint for declaratory relief in the nature of mandamus with this Court, seeking, <u>inter alia</u>, to compel the Secretary of State to readjudicate Ms. Onuchukwu's visa application. The crux of Plaintiff's Complaint is as follows:

---

[1] The Government certifies that the denial was <u>also</u> based upon that Ms. Onuchukwu "willfully misrepresented a material fact in order to procure a visa." Paterson Decl., ¶ 3.

1

> Pursuant to 8 U.S.C. § 1153(c), Plaintiff met the eligibility requirements for diversity immigrant visa, and, had the Consul General applied the statutory standards required for the adjudication of the diversity immigrant visa, the Secretary of State would have granted Plaintiff's application.

(Compl., ¶ 25). On August 9, 2010, Defendants collectively filed a motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) on the basis that the doctrine of consular nonreviewability precludes the Court from considering Plaintiff's Complaint.

## LEGAL STANDARD

Defendants have raised a factual challenge to this Court's subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). In determining whether a complaint should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction, no presumption of truthfulness attaches to the allegations in the complaint and the Court may consider matters outside the pleadings such as affidavits without converting the motion to one for summary judgment. See, e.g., Anjelino v. New York Times Co., 200 F.3d 73, 87 (3d Cir.1999). In doing so, "the Court is free to weigh the evidence and satisfy itself whether it has the power to hear the case." Carpet Group Int'l. v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).

## DISCUSSION

Plaintiffs ask the Court to compel the Secretary of State to readjudicate Ms. Onuchukwu's application for an immigrant visa under the 2010 Immigrant Diversity Visa Lottery Program. Defendants argue that review of Plaintiff's Complaint is barred by the doctrine of consular nonreviewability.

Pursuant to the doctrine of consular nonreviewability, "[d]istrict courts have no jurisdiction to review a consular official's decision denying a visa to a foreign national." Hossain v. Rice, 2008 WL 3852157, at *2 (E.D.N.Y. Aug. 16, 2008); Centeno v. Shultz, 817 F.2d 1212, 1213 (5th Cir. 1987) ("[T]he denial of visas to aliens is not subject to review by the federal courts."). "Consular nonreviewability is a long-standing judicial practice of refusing to review a consular official's decision to issue or withhold a visa." Am. Academy of Religion v. Chertoff, 463 F. Supp. 2d 400, 417 (S.D.N.Y.2006). This doctrine has been applied by courts to preclude lawsuits by aliens challenging a consular official's denial of a visa. See, e.g., Wan Shih Hsieh v. Kiley, 569 F.2d 1179, 1181 (2d Cir. 1978) ("The district court correctly held that no jurisdictional basis exits for review of the action of the American Consul in Taiwan suspending or denying the issuance of immigration visas to appellant's children there. It is settled that the judiciary will not interfere with the visa-issuing process."). However, the doctrine does not apply in cases brought by United States citizens raising constitutional, rather than statutory, claims. See Am. Academy of Religion, 463 F.

Supp.2d at 417. Because this case involves statutory claims by citizens of Nigeria, the doctrine of nonreviewability applies. See, e.g., Saavedra Bruno v. Albright, 197 F.3d 1153, 1164 (D.C. Cir. 1999) ("With respect to purely statutory claims, courts have made no distinction between aliens seeking review of adverse consular decisions and the United States citizens sponsoring their admission; neither is entitled to judicial review.").

As long as the State Department considers the merits of an application for an immigrant visa, this Court may not alter or even review the Department's decision. See, e.g., Elhabash v. Untied States Dept. of State, No. 09-5847, 2010 WL 1742116, at *2 (D.N.J. April 27, 2010). Thus, the determinative question is whether a decision on Ms. Onuchukwu's visa application has been made. "If it has, the Court must dismiss the Complaint for lack of subject matter jurisdiction." Id. Plaintiffs do not dispute that a consular officer in Nigeria adjudicated Ms. Onuchukwu's visa application on the merits. Rather, Plaintiffs ask the Court to review the merits of the consul's determination, contending that, contrary to the consul's finding, Ms. Onuchukwu did meet the minimum education requirements necessary to qualify for the Diversity Visa Lottery, as evidenced by the high school diploma she presented to the consul. (Compl., ¶¶ 22-25). The Court does not have jurisdiction to conduct such a review.[2] See, e.g., Loza-Bedoya v. Immigration and Naturalization Serv., 410 F.2d 343, 347 (9th Cir. 1969) ("Though erroneous this Court is without jurisdiction to order an American consular official to issue a visa to any alien whether excludable or not."); Sabataityte v. Powell, No. 04-4130, 2004 WL 2203708, at *2 (E.D. Pa. Sept. 27, 2004) ("As long as the State Department considers the merits of an immigration application, this Court may not change the Department's decision."). Defendant's motion to dismiss the Complaint is, therefore, granted. Plaintiff's cross-motion for summary judgment is denied as moot.

## CONCLUSION

Based on the reasons set forth above, Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction pursuant to the doctrine of consular nonreviewability. An appropriate Order accompanies this Letter Opinion.

    /s/ Jose L. Linares
    Jose L. Linares
    United States District Judge

---

[2] Although Plaintiffs advance a variety of statutory bases for this Court to exercise jurisdiction over the instant case, none allow the Court to review the consul's decision to deny Plaintiffs a visa. See, e.g., Hsieh, 569 F.2d at 1181 (finding no subject matter jurisdiction to review denial of visa application by American consul in Taiwan under either the Declaratory Judgment Act or the Administrative Procedure Act); Maldonado-Coronel v. McElroy, 943 F. Supp. 376, 381 (S.D.N.Y. 1996) ("[M]andamus jurisdiction does not lie to direct the exercise of administrative discretion within its lawful boundaries.").